## JAMES H. BRUSH vs. SUSANNAH B. YOUNG.

1. A *certiorari* removing to this court the proceedings of the Orphans Court appointing a new trustee will not lie, if it appear that the appointment was within the jurisdiction of the Orphans Court.

2. Where the offices of executor and trustee are united in the same person, and the duties are identical and inseparable, in case of vacancy the Orphans Court have no jurisdiction or authority to appoint a new trustee.

3. But where the office of trustee and that of executor, although united in the same person, are distinct and separable, the substitution of a new trustee is within the jurisdiction of the Orphans Court.

4. Where the whole estate is devised to the executor in trust for the payment of debts and legacies, the duties of executor and trustee are identical and inseparable ; but where a portion of the estate is devised to him for a specific purpose, not connected with the settlement of the estate, the duties are distinct, and a new trustee may be substituted by the Orphans Court.

5. The testatrix, by her will, devised and bequeathed certain real and personal estate to her executors, in trust for her son during his life, and on his death to be divided among her daughters : the will was propounded for

probate, but no letters taken out by the executors, and one of the executors having died, and the other being out of the state, letters of administration *cum testamento annexo* were granted. *Held* that the trust did not vest in the administrator; and *held also*, that the Orphans Court had power to appoint a new trustee.

*Certiorari* to Bergen Orphans Court.

Argued at November term, 1859, before the CHIEF JUSTICE and Justices VREDENBURGH and WHELPLEY.

*Grandin* and *Gilchrist*, for plaintiff in *certiorari*.

*Zabriskie*, for defendant.

The CHIEF JUSTICE. The *certiorari* in this case was issued to remove into this court an order of the Orphans Court of the county of Bergen, appointing a trustee under the will of Catharine Young, deceased, instead of a trustee appointed by said will who neglected to act.

The constitution of this state, *Art.* VI., *clause* IV., § 3, declares that " all persons aggrieved by any order, sentence, or decree of the Orphans Court may appeal from the same, or any part thereof, to the Prerogative Court; but such order and sentence or decree shall not be removed into the Supreme Court or Circuit Court, if the subject matter thereof be within the jurisdiction of the Orphans' Court."

If the Orphans Court had jurisdiction of the *subject matter* of the decree, this court has clearly no power of review. When any trustee appointed by last will and testament neglects or refuses to act, the statute, in terms, confers upon the Orphans Court of the county where the testator resided at the time of his death the power of appointing some suitable person to execute such trust. *Nix. Dig.* 553, § 13. The doubt arises upon the proviso of this section, which is, " that nothing in this section contained shall be construed to apply to the office of executor." It is

argued that when the executor in the will is appointed trustee the Orphans Court have no jurisdiction. But the true criterion of the jurisdiction of the court is the nature of the trust, not the person who is to execute it. If the duties of the trustee are identical with or inseparable from the duties of executor, when the offices are united in the same person, it is clear that the Orphans Court have no jurisdiction. But where the office of trustee under the will and that of executor are distinct and separable the substitution of a new trustee in nowise affects the office of executor.

The testatrix, Catharine C. Young, by her will, devised and bequeathed certain personal and real estate to her executors in trust for her son George for life, and on his death to be divided among her daughters. She died in 1834. The executors propounded the will for probate, but letters testamentary were never issued. One of them is dead. The survivor resides out of the state. Letters of administration *cum testamento annexo* have been issued. The appropriate duties of executor under the will have been transferred to the administrator. Whether, therefore, the estate of the testatrix has been finally settled or not, the appointment of a trustee cannot trench upon the office of executor. The trustee appointed by the Orphans Court is neither clothed with the powers nor charged with the duties of executor. The real estate devised to the executor, and the personal estate, if any there be, is vested in him, as trustee, upon the trusts specified in the will. There are no doubt many constructive trusts to which the statute was never intended to apply, and where the Orphans Court would have no jurisdiction over the appointment of a trustee. But this is not one of that class. It is clearly a trust within the contemplation of the statute.

The Orphans Court having jurisdiction of the subject matter, the *certiorari* was improvidently issued and must be quashed.

WHELPLEY, J.   The Orphans Court of the county of Bergen removed William M. Mead, as surviving trustee appointed by the will of Catharine C. Young, deceased, because he had neglected to act in the trusts, and appointed Abraham O. Zabriskie in his place.   The proceedings were had under the provisions of the act, to be found in *Nix. Dig.* 553, § 13, that when any trustee, appointed by last will and testament, shall neglect or refuse to act, or shall die before the execution and completion of the trust so committed to him, the Orphans Court of the county where such testator resided at the time of his death shall have full power and authority to appoint some suitable person or persons to execute the trust, &c., provided always that nothing in this section contained shall be construed to apply to the office of executor.

The only question to be considered is, whether the person removed was a trustee within the meaning of the act.

By the constitution, *Art.* VI., § IV., *clause* 3, the jurisdiction of this court to review the action of the Orphans Court by *certiorari* is taken away, if the subject matter be within the jurisdiction of the Orphans Court.   In such cases the remedy is by appeal to the Prerogative Court.

It seems clear that any person upon whom, by will, is devolved a trust not pertaining to the office of executor is a trustee within the meaning of the act, and may be removed from that office, but not from that of executor.

The proviso seems to contemplate that the section reaches the office of trustee, when held by an executor, else why the phrase office of executor, drawing a distinction between the office and person?

It cannot mean that an executor, when refusing to execute a trust, severable in its character from the duties of executor, and not pertaining to that office, is not removable under that section; that idea would have been expressed by a proviso that the section should not extend to executors.

If an executor should collect the assets, pay the debts

and legacies, but refuse to perform the trusts, he would be amenable to the removal provided for by the section, but could not be deprived of his office of executor, or of any of the powers belonging to it.

It would seem that whenever, by the terms of a will, the estate of the testator is to be settled by the collection of the assets, the payment of debts, and the balance is to be held in trust for the purposes declared in the will, although ultimately to be distributed in conformity with the provisions of the will, a trust is created within the meaning of the act, from which the person who is executor may be removed in the cases provided by the section : that is one of the mischiefs designed to be remedied by the act.

But if a more restricted view should be taken, and it should be held that an executor could not be removed from the office of trustee unless the trust was entirely distinct in its character from that of an executor, the question arises, did the trustee removed by the court sustain that character distinct from his office of executor ?

The will devises the house in which the testatrix lived to her executors, therein after named, in trust, to receive the rents, issues, and profits thereof, and pay the same, deducting thereout the taxes and necessary repairs, to her son George during his natural life ; and after his death, she granted and bequeated to them, and to the survivor of them, and to their heirs and assigns for ever, and to the heirs and assigns of the survivor of them, in trust, after the death of her said son George, to sell and dispose of the same, and to divide the proceeds thereof equally, share and share alike, between her daughters, (naming them) their heirs and assigns for ever. By the other items, she gives the rest of her property to the executors in trust for the same purposes.

The executors named in the will refused to act, and the Orphans Court granted letters with the will annexed to Mr. Zabriskie.

Vol. iv.                    x

In settling whether that administrator was clothed with all the trusts created by the will, it is necessary to give a construction to the 19th and 20th sections of the act concerning executors and administrators and the distribution of intestates' estates. *Nix. Dig.* 258, § 19 and 20.

It is quite clear that the 19th section does not reach cases where all the executors die or refuse to act; its whole scope manifestly covers only the case where some of the executors survive or act. It declares that the deed of such as do act or survive shall be as valid as the deed of all would have been.

The 20th section gives to administrators with the will annexed the same power and authority given to or vested in the executors named in the will, *unless where otherwise expressly provided in the same.*

The true construction of this section seems to be, that whose extraordinary powers, not necessarily pertaining to the office of executor, are given to the executors named in the will, these, as well as the necessary powers of an executor, shall vest in the administrator, *cum testamento annexo,* unless the testator has otherwise directed as to these powers; that if he has appointed some one to succeed to them, he shall take them, and not the administrator *cum testamento annexo.*

By this will the trustees take an estate in fee simple in trust for the purposes declared; and the will expressly provides that the estate shall go to the heirs and assigns of the survivor of the trustees in trust to sell and dispose of the same. That seems to be a clear direction that the power of sale shall not vest in the administrator *cum testamento annexo* on the death of the surviving trustee.

It seems to have been the intent of the testatrix that the legatee's estate and the power should go together and be inseparable. Again, there is a remarkable difference between the language of the 19th and 20th sections, which seems to indicate a design that the powers and rights of an administrator with the will annexed should not be co-

extensive with those of an acting or surviving executor in regard to the trusts of a will. The 19th section vests the trusts of the will, when land has been devised to the executors to be sold, in the acting or surviving executor. The 20th section declares that the administrator shall have the same power and authority as the executor named in the will; it does not vest the trust of the will in the administrator—that seems to have been designedly provided against. There is a clear distinction between a bare power and authority to sell and a devise of the fee to hold in trust for life or lives, and then to sell. I cannot consider the latter a power and authority within the act. The design of the section seems to have been to supply the place of an executor, by giving power to execute the powers of sale, &c., to the administrator *cum testamento annexo*.

I am of opinion that the trusts in this will did not vest in A. O. Zabriskie as administrator, &c., and that the appointment of a new trustee was necessary and proper.

I cannot perceive that the doctrine of equitable conversion has anything to do with this case, as urged by the plaintiff's counsel. By that doctrine, a testator may impress upon real estate the character of personal, and personal the character of real, for certain purposes; but I think it would be a novel application of the doctrine, that real estate equitably converted could be conveyed like personal property without deed or by a grantor without title or power to convey.

The result is, that the decree of the Orphans Court was upon a subject matter within its jurisdiction, and that the *certiorari* must be dismissed for want of jurisdiction.

Justice VREDENBURGH concurred.

CITED in *Zab*, *iskie's Ex.* v. *Wetmore*, 11 *C. E. Gr.* 22.