ROBERT VAN ALSTINE v. THE PEOPLE.

*Notice of Village Ordinances.*

The charter of Hudson provides that no ordinance shall take effect until it has been published once in each week for two weeks successively. *Held* that two full weeks must elapse between the passage of the act and the date of its taking effect.

Error to Lenawee. Submitted Oct. 16. Decided Oct. 30.

COMPLAINT for violation of village ordinance against fast driving. The facts are in the opinion.

*Walker & Weaver* and *Edwin Hadley* (on brief) for plaintiff in error.

*James J. Hogaboom* and *Wm. A. Underwood* (on brief) for the People. An ordinance may take effect on the day named in it, but does not become operative till published. *Pike v. Jenkins,* 12 N. H., 261; *United States v. Winn,* 3 Sumn., 209; *Wood v. Adams,* 35 N. H., 36; *Fairbanks v. Antrim,* 2 N. H., 107. The omission of such a ministerial duty as signing the record of an ordinance will not defeat it, *Stevenson v. Bay City,* 26 Mich., 44. A statute requiring notice of an ordinance to be published three weeks successively in a certain paper was held to be satisfied by two publications on successive Saturdays and one on the following Wednesday in a semi-weekly paper, *Hoboken v. Gear,* 27 N. J. L., 274; *Swett v. Sprague,* 55 Me., 190; *Bachelor v. Bachelor,* 1 Mass., 256.

GRAVES, J. Defendant was prosecuted before a justice for disobedience to an alleged ordinance of the village of Hudson against immoderate driving. The act complained of was on August 2d, 1876, and the prosecution was commenced the day following. The case was tried on the 7th and resulted in a conviction. The defendant appealed, and

on a trial in the Circuit Court he was again convicted. He then alleged exceptions, and they have been certified to this court. The main one was against the admission of the proof offered to show the existence of the alleged ordinance at the time when the act in question was committed.

The charter of the village, as amended in 1869, provides that the time for its taking effect shall be prescribed in every by-law or ordinance; and moreover that it shall not have effect until it shall have been published for two weeks successively, once in each week, or by written or printed notices posted up in three of the most public places in the village, and that the like notice shall be given of the repeal or amendment of any ordinance or by-law.' 2 Sess. L., 1869, p. 877: Act 360, § 56. The precise phraseology of the provision is not given, but the sense is not departed from.

Relying upon the general act of 1865 concerning the mode of proving by-laws and ordinances (Comp. L., § 5953), the prosecution adduced a collection of what it claimed to be by-laws and ordinances of the village, and it included one entitled "an ordinance relative to disorderly conduct," and this was admitted as proof of the ordinance on which the complaint was based. It expressly provided that it should take effect on the 16th day of May, 1873, and it showed that it was passed, ordained and ordered published May 5th, 1873. A further entry in the form of an amendatory ordinance was admitted. This provided that it should take effect on the 8th day of May, 1875, and it declared that it was passed, ordained, and ordered published April 26th, 1875.

The provision referred to in the charter is a very important one, and if there was any necessary disagreement between it and the general statute relating to the mode of proof of by-laws and ordinances, it would of course prevail as against the latter. Being made specially and specifically for the particular place no mere general regulation of earlier date could be allowed to cut it short. But there is no necessary inconsistency between the two enactments. The charter provision deals with the manner in which by-

laws and ordinances shall in one respect be framed, and prescribes the time and course of promulgation. The general act, as its title declares, provides "for proving the by-laws."

It does not purport to prescribe the mode of enactment, or what shall be expressed, or what proceedings or time shall be essential for the purpose of promulgation. The mode of proof authorized may be pursued, and yet it may appear on the face of the proceedings that the supposed ordinance has never been constituted according to law, and in such event it could not be treated · as a valid one in virtue of the authority to make proof in the way mentioned.

Compliance with the charter was necessary to the validity of the ordinance and it was apparent on the face of the proceedings that it had not been complied with.

It was indispensable that the ordinance should express the time when it would take effect. It was also indispensable that two weeks should be given for notice previous to its taking effect. Both conditions were required. It appeared however conclusively that the time set for the ordinance to take effect was too short to enable the required notice to be given and hence that the course taken in carrying out one necessary condition made compliance with the other absolutely impossible. This was a violation of the charter.

The supposed ordinance appeared upon the proof to be invalid and the same is true of the amendatory ordinance. It cannot be admitted that the requirement that two weeks for notice shall elapse before an ordinance shall take effect may be satisfied by publication for two weeks successively, when less than two weeks intervene. The purpose of the provision is not consistent with any such construction.

The people are to be informed of the regulations which are to govern them, and time as well as publication is material. The Legislature wisely put stress both upon the mode of promulgation and upon the length of time to be allowed, and it would be wrong to abridge this time by construction. Again, the length of time is not regulated at all by the mode of giving notice. It is to be the same

whether the notice is published in a newspaper or by posting in three public places, and no óne will claim that less than two weeks will suffice in case of posting. The terms of the provision favor the same result, but it is unnecessary to indulge in verbal criticism.

The conviction should be quashed, and the defendant discharged.

COOLEY, C. J., and CAMPBELL, J., concurred.

MARSTON, J., did not sit in this case.