JAMES S. DEWEY v. THE CENTRAL CAR AND MANUFACTURING COMPANY.

*Corporations—Source of powers—Service of process on corporations—Superior Court.*

Where corporations are organized under a general incorporation law, their powers and privileges depend on the law and on their articles of association, much as they would depend upon their charter if created by special act.

Where an incorporation law contains provisions regulating the bringing of actions against corporations organized under it, they must be regarded as exceptions to earlier general provisions on the same subject, if inconsistent.

Service of process on a manufacturing corporation under Comp. L., § 2857 (amended, Act 187 of 1875, sec. 31) can only be made within the county where its business office is fixed.

Process from the Superior Court of Detroit cannot be served outside of the county.

Error to Superior Court of Detroit. Submitted October 16, 1879. Decided January 13, 1880.

ASSUMPSIT. Plaintiff brings error.

*J. S. Dewey* and *Griffin & Dickinson* for plaintiff in error.

*John D. Conely* for defendant in error. The general provision for service on corporations is in Rev. Stat. 1846, ch. 116, § 3; Comp. L. 1857, § 4835: Comp. L. 1871, § 6544; service cannot be made on a domestic corporation unless some one. of the proper officers is found

within the county where it is established, *Newell v. Gt. Western Ry.*, 19 Mich., 336; *Det. F. & M. Ins. Co. v. Saginaw Circ. Judge*, 23 Mich., 492; *Speer v. Atlanta & West Point R. R.*, 30 Ga., 135; *Nash v. Rector*, 1 Miles, 78; *Probst v. Bank of Pennsylvania*, 5 W. & S., 379; the Legislature has specially provided for service on bridge companies, Comp. L., § 2650; institutions of learning, § 3143; plank road companies, §§ 2541, 2596; telegraph companies, § 2636; tram railways, § 2447; booming companies, § 2790; fine art companies, § 3205; manufacturing corporations are localized by statute, Comp. L., § 2839: Act 187 of 1875, §§ 12, 13; process from a municipal court cannot be served outside the county in which it has jurisdiction, *Jones v. Kent Circ. Judge*, 35 Mich., 494.

GRAVES, J. The defendant is a domestic manufacturing corporation formed under the General Law of February 5, 1853 (Comp. L. ch. 95), and has its office for the transaction of business located in the city of Jackson. The plaintiff resides in the city of Detroit.

John B. Sutherland, who is defendant's president, though a resident of Canada, being found in Detroit, the plaintiff commenced this action of assumpsit against the defendant in the Superior Court by declaration served on Sutherland within the limits of the city.

The defendant pleaded to the jurisdiction, and the plea being followed by replication and rejoinder, the plaintiff demurred and the court sustained the defense and quashed the declaration.

The merits of the case are within narrow limits. It will be sufficient to examine these points: *first*, whether the case is governed by the Revised Statutes of 1846; or, on the other hand, by either the General Incorporating Act of 1853 or that of 1875, and if not governed by the Revised Statutes but by one of the acts last named: then, *second*, whether upon a correct construction any binding service could be effected on the corporation out-

side of Jackson county. The provision in the Revised Statutes of 1846, to which reference is made, is section 3 of ch. 116, being Comp. L., § 6544. It was amended in 1877 (Pub. Acts 1877, p. 112), but the amendment does not affect the present question. The section is a general regulation respecting the manner of commencing suits against corporations in courts of law. The 22d section of the act of 1853 (Comp. L., § 2857), and the corresponding section in the act of 1875, being § 31 (Pub. Acts 1875, p. 214), comprise provisions for the commencement of suits against such corporations as are formed under these acts respectively. Corporations formed under the first act are allowed to be reorganized or reformed under the later one of 1875 (§ 35,pp. 220, 221), and it is not entirely certain that the defendant corporation has not made the change.

However, the respective sections in these acts respecting the commencement of suits are almost identical, and so far as concerns the present case there is no distinction. Hence it is immaterial whether the proceeding is technically subject to one or the other of these statutes, if subject to either.

Corporate capacity and corporate immunity depend on the organic law and articles of association in much the same way as they depend on the charter where the corporation is created by special act. *Van Etten v. Eaton,* 19 Mich., 187. And the particular provisions for bringing suits against manufacturing corporations formed under the general statute, must apply and operate in the same manner as would the like provisions in a special charter.

In identifying and prescribing what rights and franchises the corporation should possess, and what conditions should exist and what limits attach, the Legislature decided what should be the properties of the corporation and how it should be suable, and particularly within what locality it should be subjected to process; and at the same time, and as part of the same exertion of

legislative will, it determined to leave and did leave all existing general regulations not compatible with the others, to operate elsewhere.

In placing the particular provisions in the organic act, the Legislature designed to liquidate and establish, so far as they extended and for the time being, the law of the corporation on the subject. But they are not only specific portions of the organic law, and which would remain and operate in case the general provision of the Revised Statutes was repealed. They are the later and more precise expression of the will of the Legislature, and aimed at the very object, and they come within the principle which requires the specially directed and more recent provision to be taken as an exception to the earlier general one. *Miller v. Grandy,* 13 Mich., 540; *Van Alstine v. The People,* 37 Mich., 523-524; *Cooper v. Skinner,* 124 Mass., 183; *Nichols v. Bertram,* 3 Pick., 342; *Matter of D. & H. Canal Co.,* 69 N. Y., 209; *In re Commissioners of Central Park,* 50 N. Y., 493; *People v. Quigg,* 59 N. Y., 83; *State v. Stoll,* 17 Wall., 425; *Stockett v. Bird,* 18 Md., 484; *Pearce v. Bank of Mobile,* 33 Ala., 693; *McFarland v. State Bank,* 4 Pike, 410; *Brown v. The County Com'rs,* 21 Penn. St., 37; *Fosdick v. Perrysburg,* 14 Ohio St., 472; *Ottawa v. Lasalle,* 12 Ill., 339; *State v. Rackley,* 2 Blackf., 249.

We must therefore hold that the provision of the Revised Statutes had no bearing, and that the result must depend on the somewhat different regulation in the fundamental act.

In regard to the second point, only a few words are required. The provision on which the right depended to subject the defendant corporation to the action in the Superior Court is in these terms: "Service of any legal process against any corporation formed under this act, may be made on the president, secretary, or agent, or if neither of them can be found in the county in which, by their articles of association, they are to do busi-

ness, then such service may be made by posting a true copy thereof on some conspicuous place at the business office of the company in said county."

Now only two modes of service are here authorized: *first*, on the president, secretary or agent, if found within the county where the business office is located, and if they are not found within that county, then *second*, by posting at the business office within such county.

There is no middle course. The method by posting is absolute and exclusive if those upon whom the law authorizes service are out of the county. No service can be made in a foreign county. Whether it is effected on the president, secretary or agent, or by means of posting, it must be done in the county where the business office is fixed, and the effect is to exclude courts which are not empowered to have their process served in the county containing the office.

The defendant's office was located in Jackson county, and hence if all the officers and agents had been found in the city bounds of Detroit, the authority of the court would have been no greater than if they had stayed in Jackson. Finding them in Detroit would not be finding them in Jackson county, and the not finding them in Jackson county would authorize the alternative mode of service by posting in Jackson county and exclude all others. There is no provision for making the right of service and jurisdiction follow the persons of the officers and agents of the corporation wherever they may go. In short, the organic act confines the service to a locality in which this process of the Superior Court cannot be served.

The ruling against the jurisdiction was therefore correct, and the judgment must be affirmed with costs.

The other Justices concurred.