## SCHLEGEL V. SISSON *et al.*

1. The executor, who is protected from the claims of creditors by a decree directing the payment to the widow of insurance upon his decedent's life, is not aggrieved by the decree, so as to entitle him to appeal therefrom.

2. To authorize an affirmance of a decree on the ground that appellant is not a party aggrieved thereby, a motion to dismiss is not necessary.

(Opinion filed April 18, 1896.)

Appeal from circuit court, Minnehaha county. Hon. JOS. W. JONES, Judge.

Petition by Lillian Schlegel against George W. Sisson and another, executors of John C. C. Schlegel, and others. From a decree for petitioner the executors appeal. Affirmed.

The facts are stated in the opinion.

*Henry Robertson* and *Palmer & Rogde,* for appellants.

Chapter 51, Session Laws of 1890, is in conflict with § 21, Art. 3, Const., and is of no validity; or if the whole of said chapter is not for that reason invalid and unconstitutional, at least §§ 21 and 22 thereof are. State v. Morgan, 2 S. D. 32, 48 N. W. 314; State v. Becker, 3 S. D. 29, 51 N. W. 1018; §§ 85 and 87, Suth. Stat. Constr.; State v. Standish (N. D.), 57 N. W. 85; Low v. Rees Printing Co., 59 N. W. 362. Secs. 21 and 22 of said chapter are also in conflict with § 4, Art. 21, Const., and are therefore of no validity. 7 Am. & Eng. Ency. of Law, 130, 22 N. Y. 251; How v. How, 61 N. W. 456. At the moment of testator's death the insurance money in all the companies became the property of the creditors; having passed into the hands of the executors, it passed beyond the reach of the plaintiff, and must be used in the manner indicated by the will. Holland v. Taylor, 111 Ind. 121; Wilburn v. Wilburn, 83 Ind. 55; Silvers v. Canary, 114 Ind. 129.

*John E. Carland,* for respondent.

The appellant's, as executors, have not been aggrieved by the judgment, and therefore, cannot appeal. Bates v. Ryberg, 40 Cal. 463; *In re* Estate of Marry, deceased, Wilkinson, appellant, 65 Cal. 287; Estate of Merrifield, deceased, 66 Cal. 180, 4 Pac. 1176; § 5214, Comp. Laws; Ratliff v. Patten, 16 S. E. 464; *In re* Hodgman's Estate, 69 Hun. 484; *In re* Dewar's Estate, 25 Pac. 1026; Goldtree v. Thompson, 83 Cal. 420. "It is a well-established and wholesome rule of law that no one can take advantage of the unconstitutionality of any provision who has no interest in and is not affected by it." State v. Becker, 3 S. D. 29, 51 N. W. 1018.

HANEY, J. Plaintiff petitioned the county court for an order requiring defendants, the executors of her deceased husband's estate, to pay her the proceeds of certain life insurance. Defendants, the creditors, and all parties interested in the estate were cited to show cause why such order should not be made., Defendants and one of the creditors answered. The county court having decided in favor of the plaintiff, defendants alone, as executors, appealed to the circuit court, wherein a judgment was rendered in favor of plaintiff. A motion for a new trial having been denied, defendants alone, as executors, appealed to this court.

It is contended by counsel for plaintiff that defendants, as executors, are not entitled to have this judgment reviewed, for the reason they are not aggrieved thereby. We consider this position well taken. A judgment can be reviewed upon appeal only by the party aggrieved. Comp. Laws, § 5214. Defendants cannot complain of error which is not prejudicial to themselves. Shoe Co. v. Stebbins, 2 S. D. 74, 48 N. W. 833. Creditors and other parties interested in and affected by the decision of the county court, having failed to appeal, are precluded from objecting to the distribution decreed by such court. The decree of the circuit court is ample protection to the executors, and they have neither reason nor right to continue the litigation for the purpose of settling disputed questions of law, or for the purpose of retaining possession of funds which should be distributed as speedily as possible. They are not aggrieved, within the meaning of the statute. Bates v. Ryberg, 40 Cal. 463; Estate of Merrifield (Cal.), 4 Pac. 1176; Goldtree v. Thompson, 83 Cal. 420, 23 Pac. 383; *In re* Dewar's Estate (Mont.), 25 Pac. 1025; Ratliff v. Patten (W. Va.), 16 S. E. 464. Plaintiff moved to dismiss this appeal upon the ground we have considered. Defendants filed certain objections thereto. These objections need not be discussed, because a motion to dismiss was not required, nor was it proper. Whether appellants are aggrieved by the judgment is a ques-

tion which involves the merits of the appeal. Williams' Estate (Cal.), 36 Pac. 6. The judgment of the circuit court is affirmed.