# CASES

## ARGUED AND DETERMINED

### IN THE

# Supreme Court of South Dakota

In re HANSON'S ESTATE.

NICHOLS, Respondent, v. FOX et al., Appellants.

(159 N. W. 399.)

(File No. 3860. Opinion filed October 4, 1916.)

1. **Corporations—Charter, Component Parts of—Laws.**

   The charter of a a private corporation consists of its articles of incorporation and the laws of the state under which it was created.

2. **Same—Powers, Privileges of—Laws, as Limitation of.**

   Corporations may incorporate in their articles of incorporation such powers and privileges as the governing statute permits, but the law is supreme in this respect; and such powers and privileges are part of the charter.

3. **Same—Laws, Articles of Incorporation, Relation of, to Charter.**

   The laws under which a corporation is created are as much a part of its "charter" as if actually written into and made a part thereof. The laws, standing by themselves, do not constitute the charter; neither do the articles of incorporation.

4. **Same—Power to Take Property by Devise—Statute.**

   Under Civ. Code, Sec. 1002, which, after providing that testamentary distribution may be made to persons legally capable of taking property thereunder, contains an exception that no corporation can take under a will unless expressly authorized "by its charter or by statute" to do so, held, that by said exception it was intended that the express authority therein required to give a corporation to take property by will might be conferred, either by the charter when permitted by law, or by the statute law itself; and said exception permits articles of incorporation, as part of the charter, to contain the power to take by will through the charter, as distinguished from express authority to so take under the statute. That said section is a general section of statute law, and comprehends charters

1—Vol. 38, S. D.

created under general law; and the word "charter," as used in said section, includes articles of incorporation of corporations created under general law; and, there being no statute law forbidding religious corporations from acquiring property by will, **held,** further, that a religious corporation, expressly authorized by charter to acquire and hold property by devise, or testamentary distribution, is empowered to take property by will.

5. **Same—Powers of Under Statute, Compared to Legislative Charter.**
   A charter claimed under general law is, in all respects, the equivalent of a charter created by special legislative act.

6. **Appeals—Dismissal of Appeals—Executor, Interest of in Corporation Devisee's Appeal from Adverse Decree.**
   The executor of a will devising property to a corporation, is not interested in the corporation's appeal from adverse decree in will contest, and his appeal will be dismissed.

Appeal from Circuit Court, Minnehaha County. HON. JOSEPH W. JONES, Judge.

Proceedings in the matter of the estate of Mary C. Hanson, deceased. From a decree in the Circuit Court in favor of Lydia Ann Nichols, contestant of the will, reversing decree of county court, Frank. Fox, executor, proponent, and The First Congregational Church of Sioux Falls, beneficiary, appeal. Fox's appeal dismissed; as to the church, reversed and remanded.

*Bates & Bates,* and *Christopherson & Melquist,* for Appellants.
*Kirby & Kirby,* for respondent.

(1) To point one of the opinion, Appellants cited: Cook on Corporations, (6th ed.) § 2; I. Morawetz Private Corporations, (2d ed.) § 318; 10 Cyc. 222; Traer v. Lucas Pros. Co., (Ia.) 99 N. W. 290; Ellerman v. Chicago etc. Co., (N. J.) 23 Atl. 287, 295; Ark. State Co. v. State, (Ark.) 27 L. R. A. (N. S.) 255, 257; North Point Irr Co. v. Utah etc. Co., (Utah) 67 Am. St. 607, 612; Bent v. Underdown, (Ind.) 60 N. E. 307, 308; Van Etten v. Eaton, 19 Mich. 186, 194; Dewey v. Cent. C. & M. Co. (Mich.) 4 N. W. 179; Attorney General v. Perkins, (Mich.) 41 N. W. 426, 431.

Respondent cited: Civ. Code, Secs. 408, 754, 753, 427; City v. Kirby 6 S. D. 62; Thomp. Com. Corp. Sec. 216; People ex rel., Peabody v. Chicago Gas Trust Co., 22 N. E. 798 (Ill.) 8 L. R. A. 497; State, ex rel Ross v. Anderson, 67 N. E. (Ind.) 207; Cook on Corporations, Sec. 4; O. R. & N. Co., v. O. R. Co. 130 U. S. 1, 32 L. Ed. 1; Grangers, Etc. v. Kamper 73 Ala. 325.

(4)   To point four of the opinion, Appellant cited: Const., Art. 17, Sec. 1; Civ. Code, Secs. 397, 403, 404, 408, 427, 753, 760.

(6)   To point six of the opinion, Respondent cited: Schlagel v. Sisson, 8 S. D. 476.

McCOY, J.   One Mary C. Hanson, in the year 1911, made a will, and codicils thereto, by the terms of which, among other things, she devised certain sums of money to the First Congregational Church of Sioux Falls.   When said will was offered for probate, in the county court, after the death of Mrs. Hanson, Lydia Ann Nichols, a daughter and only heir, contested the validity of said will on the ground, among others, that the First Congregational Church of Sioux Falls, being a religious corporation organized and existing under and by virtue of the laws of the state of South Dakota, had no legal authority to receive and hold property acquired by will.   The county court found and rendered judgment in favor of the said First Congregational Church of Sioux Fall, from which finding and judgment the said contestant plaintiff appealed to the circuit court.   The circuit court found and rendered judgment that the said Congregational Church of Sioux Falls, being a corporation, is not expressly authorized by statute or its charter to take property under a will.   From this finding and judgment the First Congregational Church of Sioux Falls has appealed.

[1-5]  The only question presented on the merits of this appeal is whether or not the said religious corporation is authorized and empowered, either by charter or the statute, to take and hold property bequeathed to it by the said will.   It is contended by respondent that the said bequest to said religious corporation must fail by reason of the provisions contained in section 1002 of the Civil Code, viz.:

"A testamentary disposition may be made to any person capable by law of taking the property so disposed of, except that no corporation can take under a will, unless expressly authorized by its charter or by statute so to take."

The articles of incorporation of said First Congregational Church of Sioux Falls expressly authorize it to acquire and hold property, real and personal, by devise, gift, grant, or other conveyance or testamentary disposition.   This leads us to a con-

sideration of the last clause of said section 1002, "unless express-
ly authorized by its charter or by statute so to take." It will be
observed that this clause does not read "unless expressly author-
ized by statute." What, then, is the purpose, force, and effect of
the words "by its charter" therein contained? It is quite evident
that there was legislative intention to give this section a broader
meaning and scope than if it had read "unless expressly authoriz-
ed by statute." It seems to be generally held, under Constitutions
and laws similar to those in this state, that the charter of a cor-
poration consists of its articles of incorporation and the laws of
the state under which such corporation has been created. Cook
on Corporations, § 2; Bent v. Underdown, 156 Ind. 516, 60 N. E.
307; Traer v. Lucas Co., 124 Iowa, 107, 99 N. W. 290; Van Etten
v. Eaton, 19 Mich. 187; Dewey v. Cent. C. M. Co., 42 Mich. 399,
4 N. W. 179; Atty. Gen. v. Perkins, 73 Mich. 303, 41 N. W.
426; People v. Gas Co., 130 Ill. 268, 22 N. E. 798, 8 L. R. A.
497, 17 Am. St. Rep. 319; Bixler v. Summerfield, 195 Ill. 147,
62 N. E. 849. It also seems to be generally held that corpor-
ations may incorporate in their articles of incorporation such pow-
ers and privileges as the governing statute may permit, but that
the law is always supreme in this respect. 10 Cyc. 222. The
laws under which a corporation is created are as much a part of
its charter as if actually written into and made a part of the
charter. The laws standing by themselves do not constitute the
charter; neither do the articles of incorporation. People v. Gas
Co., supra. It necessarily follows that powers and privileges
contained in articles of incorporation, permissible under the law,
are a part of the charter. Therefore we are of the opinion that
when this concluding clause was placed in said section 1002 it
was intended thereby that the express authority required to be
given to a corporation to take property by will might be so ex-
pressly conferred by either of two ways: (1) By the charter
when permitted by law; (2) by the statute law itself. This
concluding clause of section 1002, by its very inherent terms
and language, expressly permits the articles of incorporation, as
a part of the charter, to contain the power to take by will by
means of the terms of the charter, as distinguished from express
authority to so take by means of the statute. This is the only
method of giving force and effect to the language, "unless express-

ly authorized by its charter or by statute so to take"; otherwise the words "by its charter" are wholly meaningless. Formerly corporation charters were frequently granted by special acts of the Legislature, in which every charter was in effect a direct legislative act; but in this state under the present Constitution all corporations, with some few exceptions, must be chartered or created under the general law. Section 1, art. 17, Stat. Const. The corporation in question is not within the excepted class mentioned in the Constitution, and therefore could only be created under the general law. Whether a corporation charter is created by special act or under general law, the effect, as far as the powers and limitations upon corporate acts are concerned, is the same. A charter granted under the general law is, in all respects, the equivalent of a charter created by special act of the Legislature. 10 Cyc. 222; Ellerman v. Chicago Co., 49 N. J. Eq. 217, 23 Atl. 287, 295. Section 1002 of our Civil Code was in 1903 reenacted as a new and original enactment, at a time when most corporations could only secure a charter under the general law. This section is a general section of statute law, and makes no distinction between charters created under general law and those created under special act of the Legislature. This section clearly comprehends within its purview charters created under general law. If it only embraced charters by special act of the Legislature, then the use of the words "by its charter or" are superfluous, because a special legislative act creating a corporation, of itself, would constitute authorization by statute, and be within the term "authorized by * * * statute so to take." The articles of incorporation, not repugnant to any statute, may authorize the corporation to take by will, such articles constituting a component part of the charter of a corporation created under general law. We are therefore of the opinion that the word "charter" as used in said section 1002 means and includes the articles of incorporation of corporations created under general law, and, there being no statute law in this state forbidding such religious corporations from acquiring property by will, the said religious corporation in question was legally authorized by its charter to take said property under the said will in question.

[6] Motion was made to dismiss this appeal as to appellant Frank Fox, executor under said will. This motion should be

granted. Schlegel v. Sisson, 8 S. D. 476, 66 N. W. 1087. The First Congregational Church of Sioux Falls is the only appellant interested in the matter presented by this appeal.

The judgment and order appealed from are reversed, and the cause remanded for further procedure in harmony with this decision.