ANDERSON, Respondent, v. BRUFLAT, Appellant.

(165 N. W. 538.)

(File No. 4298.   Opinion filed December 13, 1917)

1. **Appeals—Error—Mandamus—Brief, Filing of, Time For, After Appeal, After Record Settled—Rules—Statute, Dismissal of Appeal, Grounds.**

A motion to dismiss an appeal for appellant's failure to serve and file brief within thirty days after notice of appeal or within thirty days after settlement of record, except where settled record is not completed at time of notice of appeal (Rule 6, Supreme Court) will be denied, where thirty days have not elapsed since settlement of record under Laws 1913, Ch. 178; the appeal being from a judgment granting a peremptory writ of mandamus, and there being no motion for new trial.

2. **Same—Judgment in Mandamus Appeals From—Record, Whether Part of Judgment Roll—Settlement of Record, Necessity, Methods—Statute, Rules.**

The hearing upon alternative writ of manadmus, or upon return day of motion for peremptory writ, is a trial of issues of fact; the record thereon not being a part of judgment roll under Code Civ. Proc., Sec. 319, until same is settled; and where there was no motion for new trial and the evidence submitted was by affidavits, the record, in case of an order granted upon affidavits or other written evidence, may be settled under Rule 5 of Trial Courts (23 S. D. 1); the only other methods for settling records upon trial of issues of facts being those provided by Laws 1913, Ch. 178; and while, in absence of motion for new trial, appellant cannot question sufficiency of evidence, yet there may have been rulings at the trial concerning which he may desire to assign error.

3. **Same—Settled Record, Affidavit Re Report of Mandamus Proceedings, Whether Substitute For Record.**

An affidavit of respondent in mandamus, detailing proceedings at the trial, even though purporting to set forth stenographer's transcript, cannot take the place of the proper record duly settled by trial court.

Appeal from Circuit Court, Hamlin County. Hon. CARL G. . SHERWOOD, Judge.

Proceedings in mandamus by Hannah Anderson, against Ben Bruflat, as sheriff of Hamlin county. From a judgment for plaintiff, defendant appeals. Respondent moves to dismiss appeal. Motion denied.

*Linstrom & Benthin,* for Appellant.

*M. J. Russell,* for Respondent.

· (1) Under point one of the opinion, Respondent submitted that: It is apparent from the transcript of the official court stenographer, that there are no exceptions to be settled or preserved or settled record to be completed in this matter other than the judgment roll, as the judgment roll shows the exceptions and all of them. Therefore there is no reason why the appellant should be excused from complying with the Supreme Court rule requiring printed brief to be served within thirty days after appeal was taken.

(2) Under point two of the opinion, Appellant submitted that: The question as to whether a settled record may be prepared for the purpose of an appeal or motion for a new trial is left discretionary with the appealing party or the circuit court; except that in certain cases a settled record must be prepared; citing Chap. 178, Laws 1913.

Respondent cited: Dring v. St. Lawrence Twp. (S. D.) 122 N. W. 664; Code Civ. Proc., Sec. 463; Coleman v. Statenacke, 88 N. W. 107, 15 S. D. 242. . The motion to quash constitutes part of judgment roll. Brown v. Brown, 12 S. D. 380.

· WHITING, J. [1] Defendant appealed · from a judgment granting a peremptory writ of mandamus. Rule 6 of this court (29 S. D. 4, Rules, 140 N. W. viii) requires an appellant to serve and file his brief upon appeal within 30 days after notice of appeal, except in those cases where a settled record has not been completed at time of notice of appeal, and, in those cases, within 30 days after completion of such record. Rule 24 (29 S. D. 14, Rules, 140 N. W. xii) provides that a failure to comply with the requirements of the rules of this court will, within the discretion of the court, be cause for the dismissal of the appeal, or affirmance of judgment. Relying upon such rules, respondent moves the dismissal of this appeal. It is undisputed that more than 30

days have elapsed since notice of appeal, but that 30 days have not elapsed since the settling of a record under chapter 178, Laws 1913. Respondent discloses that there was no motion for new trial, and that the evidence submitted was in the form of affidavit. He contends that under those circumstances there cannot properly be a settled record—that the only proper record, upon which to determine such questions as can be raised on this appeal, is the judgment roll.

The hearing had upon the return of an alternative writ of mandamus, or upon the return day of a motion for a peremptory writ, is a trial of issues of fact. The record made upon such a trial does not become any part of the judgment roll under section 319, C. C. P., until the same is in some manner settled. In case of an order granted upon affidavits or other written evidence, the record as to such order may be settled under rule 5 of the Trial Courts (22 S. D. 1, Rules of Practice in Courts of Record Other Than the Supreme Court). The only other methods known to our practice for settling a record upon a trial of issues of fact are those provided by chapter 178, Laws 1913. It may be that, where there is no motion for new trial, an appellant cannot, upon appeal, question the sufficiency of the evidence to support the findings of the trial court; nevertheless there may have been rulings occurring at a trial to which a party may have saved exceptions and upon which he may desire to specify and assign errors.

[2] An affidavit of a respondent detailing what he claims to be a true report of the proceedings at the trial, even though, as in this case, it purports to set forth the stenographer's transcript of the proceedings at such trial, cannot take the place of the proper record containing specifications of errors and duly settled by the trial court.

The motion to dismiss is denied.