RODMAN, Respondent, v. RODMAN, Appellant.

(217 N. W. 507.)

(File No. 5773.   Opinion filed January 16, 1928.)

*E. C. Sigler* and *E. B. Skinner,* both of Sioux Falls, for Appellant.

*Null & Royhl,* of Huron, for Respondent.

BROWN, J.   In this action for divorce on the ground of cruelty the defendant counterclaimed for a divorce on the ground of desertion.   Divorce was granted on the counterclaim.

By the terms of the judgment, which was dated November 16, 1922, a residence property in the town of Alpena was "assigned to and vested in Mary N. Rodman, * * * same to be the property of said Mary N. Rodman, free and clear as to any claims of the defendant, Frank L. Rodman."

By amendment dated December 13, 1922, the judgment was amended as to this property so as to assign the same to Mary N. Rodman "free and clear as to any claim of the defendant, Frank L. Rodman," with a provision that Mary N. Rodman should not sell, mortgage, or incumber the property without a written order of the court therefor.

On November 7, 1923, another amendment was made to the judgment whereby this residence property was assigned to and vested in Mary N. Rodman "to be used as a home for herself and children living with her so long as such children, or any of them, shall live nad make their home with said plaintiff; except and provided that the said plaintiff, Mary N. Rodman, shall not sell, mortgage, or incumber the above-described property except with the permission of this court and upon its duly written order therefor."

It appears from the record that this last amendment was made by the court of its own motion, at the time of hearing a motion for a new trial, and when the attorneys for the respective parties

were present. On March 25, 1924, the court on the application of plaintiff and without notice to defendant's attorney again amended the judgment or decree in so far as it related to this residence property, so as to read that "the same is hereby assigned to and vested in the said plaintiff, Mary N. Rodman, the same to be the sole property of said Mary N. Rodman, free and clear as to any claims of the defendant, Frank L. Rodman."

On July 25, 1924, the defendant procured an order requiring plaintiff to show cause on August 22, 1924, why the amendment of March 25, 1924, should not be vacated and set aside on the ground that no notice of the application therefor had been given to defendant, Frank L. Rodman, and that his financial condition had not changed since the amendment of November 7, 1923. On the hearing of this order to show cause the court denied the application to vacate or set aside the judgment as amended on March 25, 1924, which judgment is referred to in the brief of appellant as the "Supplemental Decree," and from the said supplemental decree and the order denying the application to set it aside the defendant appeals.

No exception was taken to the order of the court denying the motion to set aside the supplemental decree, and therefore that order cannot be reviewed. Barnum v. Chamberlain Land & Loan Co., 34 S. D. 137, 147 N. W. 647, Ann. Cas. 1917A, 848; Zimmerman v. Corson County, 39 S. D. 167, 163 N. W. 711.

There is no record before this court under which we can review the so-called "Supplemental Decree." There is no authentication of the record showing upon what the judgment or supplemental decree was based; nor has anything purporting to be the judgment roll itself been brought into the record, either authenticated or unauthenticated. There is nothing in the nature of a settled record, and if appellant desired to have the action of the trial court reviewed upon the judgment roll alone, it was necessary that he should have the judgment roll properly authenticated by the trial judge, and this has not been done.

If appellant contends that what is designated as the supplemental decree was simply an order modifying or changing the judgment of November 7, 1923, still he has no authentication of that order and no record showing upon what that judgment or order was based. If an order fails to recite upon what it is based,

a certificate of the trial judge designating upon what it is based is necessary to authenticate the record for a review of the order. Farmers' & Merchants' Bank v. Michael, 36 S. D. 172, 153 N. W. 1008; Anderson v. Bruflat, 39 S. D. 555, 165 N. W. 538.

The judgment and order appealed from must be and are affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.