## In Re REEVES' ESTATE.

(256 N. W. 113.)

(File No. 7644. Opinion filed July 30, 1934.)

*T. R. Johnson,* of Sioux Falls, for Appellant.

CAMPBELL, J. Hanson is the duly appointed, qualified, and acting trustee of a trust created by the terms of the will of Van V. Reeves, deceased. Agnes A. Reeves and Faye V. Reeves are, respectively, the widow and son of the decedent. They were his sole heirs at law and the beneficiaries of the trust created by his will. By reason of facts and circumstances unnecessary here to recite, a question arose whether the trustee should pay the income from a two-thirds interest in certain Iowa real estate to the widow or

the son. Thereupon the trustee, the widow, and the son joined in a document which they denominated "Petition for a Declaratory Judgment," stating relevant facts and asking the circuit court of Minnehaha county, S. D., to construe the trust provisions of the will of the decedent particularly in regard to said controversy; the petitioners purporting to proceed under the Declaratory Judgment Law (chapter 214, Laws 1925).

The circuit court assumed jurisdiction of the matter and ultimately entered findings, conclusions, and judgment directing the payment of the income in question to the widow Agnes during her lifetime and at her death to the son Faye, if living, otherwise pursuant to the mandate of the will.

From this judgment and from a denial of his application for a new trial, Hanson, the trustee, now seeks to appeal to this court.

We will assume, but specifically refrain from deciding, that the case under all the circumstances was a proper one for declaratory judgment in the circuit court. We will further assume, but specifically refrain from deciding, that the procedure undertaken here is a proper and sufficient procedure to institute proceedings for a declaratory judgment.

Section 7 of chapter 214, Laws 1925, the Uniform Declaratory Judgments Act, reads as follows: *"Review.* All orders, judgments and decrees under this act may be reviewed as other orders, judgments and decrees." By this section, in substance, our general law as to appeal from judgments is made the law as to appeal from a declaratory judgment, including the provisions of section 3145, Rev. Code 1919, to the effect that a judgment may be reviewed upon appeal "by the party aggrieved." We do not believe that a declaratory judgment rendered pursuant to chapter 214, Laws 1925, is any more subject to review at the instance of a party who was not thereby aggrieved than is any other judgment known to our law. This is not a case comparable to Woodbine Sav. Bank v. Yager (1932) 61 S. D. 1, 245 N. W. 917, or Agnew v. Agnew (1928) 52 S. D. 614, 219 N. W. 893, wherein the party seeking to appeal was to some extent the representative of the interests of persons not before the court. The situation is analogous rather to that exhibited by the case of Schlegel v. Sisson (1896) 8 S. D. 476, 66 N. W. 1087. These parties, by the document wherein they joined, in effect submitted to the court for

its declaratory judgment the question of whether the income involved should be paid to the widow or to the son. The trustee has no interest in the matter save to perform his duty, whatever it may be adjudicated to be. The court has declared that the income should be paid to the widow, in which declaration the son has apparently acquiesced by failing to appeal. Under these circumstances, the trustee does not represent the son in this proceeding. The trustee as such is not aggrieved by the judgment, and, under the circumstances presented by this record, he does not appear to be in this proceeding the representative of any persons not parties to the proceeding whose rights could be cut off by the judgment. All parties joined in asking the circuit court to direct the trustee whether to pay the money in question to the widow or to the son. The court gave the requested direction, and if the mother and son are satisfied the trustee will have to be, and he has no right to seek to litigate the matter further at the expense of the trust estate.

For these reasons the appeal is dismissed.

All the Judges concur.