GRAFF, Appellant, v. ENGEBRETSON, et al, Respondents.

(278 N. W. 28.)

(File No. 8139.   Opinion filed February 25, 1938.)

*Danforth & Davenport,* of Sioux Falls, for Appellant.

*James O. Berdahl, L. E. Waggoner, R. C. Riter,* and *B. O. Stordahl,* all of Sioux Falls, for Respondents.

RUDOLPH, J. This case is before the court on a motion to dismiss the appeal. The facts, so far as material to this motion, are as follows: In September, 1936, the plaintiff, A. N. Graff, as administrator of the estate of Lars Engebretson, commenced an action against C. L. Engebretson, one of the heirs of the estate, to recover the sum of $2,208.66, being the amount due on an alleged deficiency resulting from a foreclosure of real estate mortgage held by plaintiff against property owned by defendant. In this action the defendant interposed an answer denying liability, and also a counterclaim wherein he alleged that his distributive share of the estate had from time to time been withheld from him, that this distributive share amounted to $1,449.62, and judgment was asked for that amount. The matter came on for hearing before the court and was submitted on a stipulation of the parties. The court entered its judgment dismissing the complaint of the plaintiff and awarding judgment to the defendant on his counterclaim. This judgment was entered on the 6th day of October, 1936, and some time after its entry was paid by the plaintiff administrator out of funds belonging to the estate. In August, 1937, there was submitted to the trial court an application by five of the heirs of the Engebretson estate wherein these heirs sought to have the judgment which the trial court had entered in the principal action set aside and permission granted them to intervene in the action. After a hearing upon this application the trial court did

set aside its judgment and entered its order permitting the heirs to intervene in the action. The present appeal is from this order of the trial court, and is taken by the plaintiff, A. N. Graff, in his representative capacity. Respondents have moved to dismiss the appeal.

■ The first contention in support of this motion is that there is no settled record upon which to base the appeal. In the case of Farmers' & Merchants' State Bank of Hecla v. Michael, 36 S. D. 172, 153 N. W. 1008, this court said: "In case there is no settled record, and the errors complained of are such as can only be presented upon a settled record, the appeal will not be dismissed, but the judgment below will be affirmed."

See, also, Anderson v. Bruflat, 39 S. D. 555, 165 N. W. 538; Rodman v. Rodman, 52 S. D. 339, 217 N. W. 507; Schurman v. Schurman, 60 S. D. 489, 245 N. W. 39; Badger State Bank v. Weiss, 60 S. D. 484, 245 N. W. 41. From the rule announced in these cases it is clear that the appeal should not be dismissed because of this first reason that is urged. If the errors which are presented upon this appeal can only be presented by a settled record, and the record has not been properly settled, the judgment below will be affirmed; but this question is for our future consideration and, as stated in the above case, is not a ground for a dismissal of the appeal.

■ The second reason urged for the dismissal of this appeal is that the plaintiff in his representative capacity is not a "party aggrieved" within the meaning of section 3145, R. C. 1919. The question of whether an administrator of an estate is a "party aggrieved" within the meaning of this provision of our Code has been before this court on numerous occasions. See, Schlegel v. Sisson, 8 S. D. 476, 66 N. W. 1087; In re Hanson's Estate, 38 S. D. 1, 159 N. W. 399; Agnew v. Agnew, 52 S. D. 472, 218 N. W. 633, 59 A. L. R. 1549; Woodbine Savings Bank v. Yager, 61 S. D. 1, 245 N. W. 917; In re Reeves' Estate, 62 S. D. 618, 256 N. W. 113. The action of the trial court in setting aside this judgment and permitting the intervention was obviously to the advantage of the estate which the plaintiff represents, and we think it clear, under the decisions of this court, that had this administrator not paid this judgment entered by the trial court

against the estate, he would not be a party aggrieved within the meaning of the appeal statute. But the record here discloses that the administrator after the entry of the judgment against the estate paid the same out of funds of the estate; and he is here contending that, if this judgment is set aside and a different judgment finally entered, the accounting of appellant as administrator may be affected, and he might become personally liable on account of the payment he has made. While the question of personal liability of this plaintiff for the payment of this judgment, should a different judgment be finally entered, is not directly involved in this appeal, still we believe that question is of sufficient importance to this administrator at this stage of the proceedings to bring him within the appeal statute. Clearly we cannot determine that question at this time, and we do not express any opinion thereon, but in view of the fact that the administrator has already paid this judgment, which has now been set aside, we believe he is entitled to defend it. Under the circumstances we believe the plaintiff to be a "party aggrieved" within the meaning of section 3145, and entitled to maintain this appeal.

The application to dismiss the appeal is denied.

All the Judges concur.