John P. Johnson, a resident of Minnehaha County, South Dakota, died in January, 1934, leaving a last will and testament. The will was admitted to probate, and Joseph Elsworth and Enoch Emanuel Johnson were appointed executors thereof. Decedent made a specific devise of land to each of his ten children. The real property devised was free and clear of encumbrances except a quarter section devised to his daughters, Lovis Petronella Evans and Anna Thompson. The county court decreed that it was the intention of the testator that the daughters should take the land specifically devised to them subject to the mortgage. From this decree of the county court the devisees named appealed to the circuit court and a new trial was had pursuant to such appeal.
The trial in the circuit court resulted in a judgment reversing the decree of the county court and determining that it was the intention of testator to devise the land in question free and clear of encumbrances and the executors were ordered to pay out of the general funds of the estate the mortgage indebtedness. Notice of intention to move for a new trial signed by the attorneys for the executors of the estate was served after the receipt of a letter of the trial judge discussing the issues and directing the preparation of findings and judgment in favor of the appellants in the circuit court, but before the entry of findings of fact and conclusions of law. The motion for new trial in the circuit court was made by and on behalf of the executors. Devisees and residuary legatees who were not parties to the record below and the executors served and filed in this court a notice of appeal from the judgment an dorder denying motion for new trial.
[1-7] A motion to dismiss the appeal has been made by respondents. By this motion they contend that only parties to the record may prosecute an appeal to this Court. These so-called appellants did not seek to intervene or to appear before entry of judgment in the circuit court, nor did they afterwards move to set aside the judgment. The right of appeal is statutory and can be exercised only when and as authorized by statute. Woodbine Savings Bank v. Yager, 61 S.D. 1, 245 N.W. 917. An appeal from the circuit court to the supreme court may be taken by the "party aggrieved" from any judgment or appealable order. §§ 3144, 3145, Rev. Code 1919; see Cable v. Gold Mining Company, *Page 259 22 S.D. 566, 119 N.W. 174. It is thus apparent that no one can appeal from a judgment or order unless he was a party to the action or proceeding below. We do not infer that a person must have been an original party when the action or proceeding was commenced, but at some stage of the proceeding below he must have become a party. Counsel rely upon the provisions of section 3552, Rev. Code 1919, which provide that any person interested in the estate or funds affected by the decree or order who was not a party to the special proceeding in which it was made, but who was entitled by law to be heard, or who has acquired since the decree or order a right or interest that would entitle him to be heard if it had been previously acquired, may appeal. The facts which entitle such a person to appeal must be shown by an affidavit which must be filed with the notice of appeal. This statute has application to appeals from the county court to the circuit court and does not entitle these persons who were not parties below to appeal to the supreme court. As to them the motion must be granted.
[8, 9] Respondents ask us to dismiss the appeal as to the executors upon the ground that they are not parties aggrieved, citing section 3145, Rev. Code 1919, and relying upon the general rule that a personal representative may not secure review of a judgment, order or decree merely determining rights as between the parties entitled to the estate. Respondents cite numerous cases, but particularly refer to In re Hanson's Estate, 38 S.D. 1, 159 N.W. 399, and In re Reeves' Estate, 62 S.D. 618,256 N.W. 113. The first was an appeal from a decree adjudging a will invalid. The beneficiaries or parties in interest were cited before the court to protect their own rights and there was no necessity for the executor to appeal in his representative capacity. See Agnew v. Agnew, 52 S.D. 472, 218 N.W. 633, 59 A.L.R. 1549. The second was an appeal by a trustee from a declaratory judgment construing the trust provisions of a will. A question arose whether the trustee named in the will should pay certain income to the widow or the son, the sole heirs at law and the beneficiaries of the trust created by the will. The son acquiesced in the judgment decreeing that the income should be paid to the widow by failing to appeal. The trustee under these circumstances did not represent the son and having no interest other than performing the duty adjudicated was not a "party aggrieved." It would be extending the doctrine too *Page 260 
far to hold that under no circumstances can an executor or administrator appeal from a judgment, order or decree, determining rights between parties entitled to the estate. In Agnew v. Agnew, supra, the administrator appealed from a judgment awarding a family allowance and the right of appeal was sustained. Woodbine Savings Bank v. Yager, supra, is a case in which an administrator appealed from a judgment directing him as garnishee defendant to apply the debtor's interest in intestate's realty to satisfaction of the debt. In sustaining his right of appeal, this court said: "It is the duty of an executor or administrator to protect and preserve the estate pending settlement, and, where a claim would diminish the estate and the beneficiaries or parties in interest are not cited before the court to protect their own rights, the administrator in his representative capacity has a right of an appeal from an adverse adjudication of such claim." See, also, Graff v. Engebretson,66 S.D. 45, 278 N.W. 28. We are satisfied that the executors in the instant case are aggrieved within the meaning of the statute and we so hold.
[10] It is also the contention of respondents that the service of the notice of intention to move for new trial was premature and for this reason the trial court was without jurisdiction to rule upon the motion for new trial. We have definitely held that a motion served prior to decision by the trial court can be given no force or effect. Muckler v. Smith, 51 S.D. 127, 212 N.W. 491; Vivian Independent Consol. School Dist. v. Boyles, 56 S.D. 524, 229 N.W. 390. The appeal from the order denying motion for new trial upon the authorities cited must be dismissed.
The appeal pending before us for reasons stated is an appeal by the executors from the judgment only, and the motion of respondents to dismiss the appeal from the order denying motion for new trial and to dismiss the appeal of the so-called appellants who were not parties below should be granted and it will be so ordered. Respondents may serve and file within thirty days after the filing of this opinion a brief on the appeal from the judgment.
All the Judges concur. *Page 261