Lizzie A. Hoisington, a resident of Potter County, South Dakota, died testate on September 14, 1936. The will was admitted to probate and the person nominated in the will as executor having declined to act, M.P. Broun was appointed and qualified as administrator c.t.a. The administrator, after paying all claims, filed a report and petition for partial distribution to which Louisa A. Spencer filed objections claiming certain additional real estate not specifically described in the devise to her. The pertinent paragraphs of the will read as follows:
"Third — I give, devise and bequeath Lot Six (6) of Block Thirty-four (34) of Bryson's Addition to Gettysburg, Potter County, South Dakota, together with all improvements, hereditaments and appurtenances thereto attached or any wise, appertaining to Louisa A. Spencer, of Gettysburg, South Dakota, her heirs and assigns forever, it being my expressed intention to hereby transfer *Page 470 
to the said Louisa A. Spencer a fee simple title in said described real estate.
"Fourth — All of the rest, residue and remainder of my property real or personal, of every kind or description and wherever situated, not hereinbefore disposed of, I give, devise and bequeath to my grandson, Wallace Hoisington, subject to the conditions that no delivery shall be made him of any part thereof until he shall have attained his twenty-first birthday, provided, that any and all income therefrom may until then be annually appropriated to the use of said Wallace Hoisington, as the Executor hereof, may in his discretion deem for the best.
"Fifth — That in the event the said Wallace Hoisington should die before he has reached the age of twenty-one years, then and in that event it is my will and desire that all of the estate which under the terms of the foregoing paragraph would go to Wallace Hoisington, shall be transferred to my son, Arthur Hoisington, of Agar, South Dakota.
"Sixth — I hereby constitute and appoint Claude M. Jones of Agar, South Dakota, executor of this my Last Will and Testament and that it is also my wish and desire that he act as trustee of any and all funds under the terms hereinbefore expressed and bequeathed to my grandson, Wallace Hoisington."
A dwelling house is situate on the lot described in paragraph 3 of the will and an adjoining lot. Upon hearing the cause on appeal, the court below affirming the decree of partial distribution found "that the true intent and meaning of the `third clause' of the will of Lizzie A. Hoisington, deceased, is to devise to Louisa A. Spencer the entire dwelling property and the entire tract on which the same is situated." The administrator in his official capacity alone appealed from the judgment of the circuit court. Respondent filed in this court a motion to dismiss the appeal. Before the hearing on the motion to dismiss, M.P. Broun, the administrator, died and Susie Hoisington appointed to succeed him has been substituted as appellant. The question presented is whether the administratrix is a "party aggrieved" within the meaning of those words as used in section 3145 R.C. 1919, which gives only to such person the right to appeal from any judgment or appealable order to this court.
It is the contention of respondent that the personal *Page 471 
representative whose duty it is simply to preserve the assets of the estate committed to his charge and to deliver the estate over to those designated by the court having brought all interested parties before the county court had no further interest in the proceeding and is not aggrieved or prejudiced by a decree or judgment as to the rights of the beneficiaries. This court has had occasion in several cases to consider the right of an executor or administrator to appeal. Schlegel v. Sisson, 8 S.D. 476, 66 N.W. 1087; In re Hanson's Estate, 38 S.D.I, 159 N.W. 399; Agnew v. Agnew, 52 S.D. 472, 218 N.W. 633, 59 A.L.R. 1549; Woodbine Savings Bank v. Yager, 61 S.D.I, 245 N.W. 917; Graff v. Engebretson, 66 S.D. 45, 278 N.W. 28; In re Johnson's Estate, Evans v. Johnson, 66 S.D. 256, 281 N.W. 113. In the case of Woodbine Savings Bank v. Yager, supra, this court said: "An executor or administrator acts in a representative capacity, and it follows that, if a judgment rendered in an action or proceeding in which he is a party is prejudicial to the interests which it is his duty to protect, he is a party aggrieved within the meaning of the appeal statutes. It is the duty of an administrator to protect and preserve the estate pending settlement for the benefit of the heirs, devisees, or legatees and creditors. With controversies which affect the individual interests alone of those who may be interested in his trust, he has no concern, and cannot be regarded as aggrieved within the meaning of the statute. As illustrative of this, it is the general rule that an executor or administrator has no right to appeal from an order distributing the estate. He does not represent any particular heir, devisee, or legatee, and is not aggrieved if any one of them receives less than he is entitled to under the order of distribution."
We are unable to agree with the assertion that appellant has no interest that can be affected by the decree of distribution. Section 3245, Rev. Code 1919, gives the administrator c.t.a. the same power and authority given or vested in the executor named in a will. This includes an extraordinary power, not necessarily pertaining to the office of executor, conferred upon him by the will in his character of personal representative. Brush v. Young,28 N.J.L. 237. The executor is directed by paragraph 4 of the will to withhold the residuary bequest to the grandson, Wallace Hoisington, until he attains his majority and is given authority to *Page 472 
pay the income therefrom for the support of the minor. The judgment and order appealed from affects the interest of the grandson adversely, and it was the right of appellant as the designated protector of the assets of the minor to appeal to this court to have corrected a decree which appellant believed to be erroneous.
The application to dismiss the appeal is therefore denied. Respondent may serve and file a brief on the appeal within thirty days after the filing of this opinion.
WARREN, P.J., and RUDOLPH and SMITH, JJ., concur.
POLLEY, J., absent and not participating.