WARREN BRYANT et al., as Executors and Trustees, etc., Appellants, *v.* HARRIET F. TRACY THOMPSON, Impleaded, etc., Respondent.

An appeal to this court does not lie for the purpose of settling abstract questions, however important, but is allowed only where the party appealing has an interest in the controversy which has been injuriously affected by the decision below.

A party seeking to have a judgment reviewed in this court must be able to point to some statute giving him the right and conferring jurisdiction.

The executors and trustees under the will of T. brought an action for its construction, asking the court to determine which of two parties was entitled to a certain fund in plaintiffs' hands as trustees. The judgment rendered decided the question, and this was acquiesced in by both of the alleged claimants to the fund, who were parties and were of age.

*Held*, that as under the Code of Civil Procedure (§ 1294) the right to appeal is limited to " a party aggrieved," and as plaintiffs were not aggrieved by the judgment within the meaning of said Code, they were not entitled to appeal.

*People ex rel. Burnham* v. *Jones* (110 N. Y. 509), distinguished.

Reported below, 59 Hun, 545,

(Argued June 17, 1891; decided October 13, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 15, 1891, which affirmed a judgment entered upon the decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John G. Milburn* for appellant. The plaintiffs have the right to bring this appeal. (*Bryant* v. *Thompson*, 36 N. Y. S. R. 921; *Bowers* v. *Smith*, 10 Paige, 193; *Wager* v. *Wager*, 89 id. 161; *Bailey* v. *Briggs*, 43 N. Y. 413; *Chipman* v. *Montgomery*, 63 id. 231; *Dill* v. *Wisner*, 88 id. 160.) The executors having an interest sufficient to entitle them to maintain an action of this character, have a sufficient interest to review any judgment rendered if they deem it necessary to insure the correct administration of their trust. (Code Civ. Pro. § 1294; *People* v. *Jones*, 110 N. Y. 509; *Bockes* v. *Hathorn*, 78 id. 222; 2 Perry on Trusts, § 928.)

*John E. Parsons* and *Charles Robinson Smith* for respondent. Only parties aggrieved can appeal. The word " aggrieved " in the statute refers to a substantial grievance, a denial to the party of some claim of right either of property or of person, or the imposition upon him of some burden or obligation. (Code Civ. Pro. § 446; *Banta* v. *Kent*, 4 Wkly. Dig. 62; *Reid* v. *Vanderheyden*, 5 Cow. 719; *Steele* v. *White*, 2 Paige, 478; *Colden* v. *Botts*, 12 Wend. 234; 2 Rumsey's Pr. 646; *Kelly* v. *Israel*, 11 Paige, 147, 152; *Card* v. *Bird*, 10 id. 426; *Hyatt* v. *Dusenbury*, 8 N. Y. S. R. 713; 106 N. Y. 663; *Ross* v. *Wigg*, 1 Cent. Rep. 292; *Bush* v. *R. C. Bank*, 48 N. Y. 659; *Kall* v. *Brooks*, 89 id. 33; *Hoag* v.

*Hatch*, 5 N. Y. Supp. 524; *Grow* v. *Garlock*, 29 Hun, 598; *People* v. *City of Troy*, 82 N. Y. 575.) The plaintiffs brought this action for a construction of certain clauses in the will which affect only the two defendants, and they asked the instructions of the court. They have obtained this relief, received their instructions; neither defendant complains. The plaintiffs are, therefore, not aggrieved. (*Hone* v. *Van Schaick*, 7 Paige, 222; *Cuyler* v. *Moreland*, 6 id. 273; *Idley* v. *Bowen*, 11 Wend. 227; *Card* v. *Bird*, 10 Paige, 426; *Reid* v. *Vanderheyden*, 5 Cow. 719; *Shipman* v. *Rollins*, 98 N. Y. 311.) This is like a bill of interpleader, the plaintiffs being stakeholders and the defendants being the two claimants. (*Dorn* v. *Fox*, 61 N. Y. 264; *Atkinson* v. *Manks*, 1 Cow. 691; *Cogswell* v. *Armstrong*, 77 Ill. 139; *Badeau* v. *Rogers*, 2 Paige, 209.) An executor cannot appeal in behalf of one set of legatees or creditors as against another, where all are before the court. (*Kellet* v. *Rathbun*, 4 Paige, 102; *Bates* v. *Ryberg*, 40 Cal. 463; *In re Wright*, 49 id. 550.) A trustee cannot appeal in behalf of one beneficiary as against others where all are before the court. (*Salmon* v: *Pierson*, 8 Md. 229; *Stewart* v. *Codd*, 58 id. 86.) The defendant Mrs. Roudebush has had her day in court, and the plaintiffs cannot appeal for her benefit. (*Reid* v. *Vanderheyden*, 5 Cow. 719; 1 Greenl. on Ev. § 522.) If the appellants have a right to appeal in part, they can call in question only that part of the judgment which affects them. (*Hone* v. *Van Schaick*, 7 Paige, 222; *Cuyler* v. *Moreland*, 6 id. 273; *Idley* v. *Bowen*, 11 Wend. 227; *Card* v. *Bird*, 10 Paige, 426.) A motion to dismiss is the proper proceeding when the appellant has not a legal right to appeal. (*People* v. *Lynch*, 54 N. Y. 681.)

O'BRIEN, J. The plaintiffs, as executors and trustees of the will of Francis W. Tracy, who died April 15, 1886, brought this action in order to procure a judicial construction of its provisions. The will and codicil dispose of a large estate, consisting of both real and personal property. Numerous large bequests were made to collateral relatives and also to various

public and private charitable institutions. The residuary estate was left to the widow. The only clause of the will with which we are concerned, in the decision of this appeal, is the one in which provision was made for the defendant Harriet F. Tracy, who is the only child and heir at law of the testator. At the time of his death she was an infant, nearly nineteen years of age, and since the commencement of this action and about the month of April, 1890, she married one George Thompson. She is the daughter of a former wife who obtained a divorce from the testator, many years before his death. When very young, she and her mother separated from the testator, took up their residence in the city of New York, while the deceased continued to reside in Buffalo, where he died. The relations between the deceased and his daughter, and her maternal relatives, had, for many years, been hostile. Her mother's maiden name was Robinson and the child took that name and is so designated in some parts of the case.

The testator, by a codicil to his will bearing date August 19, 1879, provided a trust fund of one hundred thousand dollars, the income of which was to be paid to the daughter during her life, the principal to be divided among her issue at her death. The form of the bequest was to the executors of his will, in trust. The same codicil contained, however, the following provision :

"In case any beneficiary named in my said last will and testament, whether a devisee, legatee, or *cestui que trust* therein named, shall, in person or by another, contest the probate of my said last will and testament or any codicil thereto, or shall institute any proceedings of any kind with a view to avoid or annul my said last will and testament or any codicil thereto, or any provision in my said last will and testament, or in any such codicil contained, then and in either case I do hereby revoke all provisions in my said last will and testament or in any codicil thereto contained in favor of the person or corporation contesting or seeking to avoid such last will and testament or codicil or provision. And if such contestant shall be my daughter, then I give, devise, and bequeath to my wife

all the property which in and by such last will and testament and the codicils thereto, is or shall be given to my executors in trust for my said daughter's benefit. If my wife shall be such contestant, then I give, devise, and bequeath to my executrix and executors all the property which is by my said last will and testament or any codicil thereto given to my wife, in trust for my daughter, upon the same trusts in every particular as are specified in the second article of this codicil."

It seems that the testator contracted a second marriage, and the wife referred to in the provisions of the will, and who took the residuary estate, and with whom he lived up to the time of his death, is the wife of this marriage. A few days after the death of the testator, his will, with the codicil, was presented to the surrogate of Erie county for probate by the plaintiffs, and a citation was issued and served upon the daughter, the defendant in this action. Upon the return day of the citation, the surrogate, of his own motion, appointed a special guardian for the daughter for the sole purpose of appearing and protecting her interests in the proceedings to prove the will. Subsequently, and after consultation with the defendant and her relatives in New York and with counsel there acting for them, the guardian interposed an answer before the surrogate, taking issue in the usual form with the allegations of the petition. The special guardian also retained counsel and, under the direction of the surrogate, the proponents of the will were required to produce many witnesses before him for examination, and the trial continued during a number of days. It was contended on behalf of the special guardian that the testator did not possess testamentary capacity, and various witnesses, including servants of the deceased and also experts, were called to sustain that contention. The guardian, through his counsel, requested the surrogate to refuse probate to the will. In the month of November, 1886, the surrogate entered a decree admitting the will to probate, which, among other things, contained this clause : "Pursuant to section 2623 of the Code of Civil Procedure, it is hereby stated that the probate of said will was contested." The daughter

herself was present at the hearing and was called and heard as a witness on behalf of the special guardian. After the entry of the decree admitting the will to probate, the widow executed, acknowledged and filed with the surrogate a paper, under seal, which recited that she was the residuary legatee and devisee of her late husband's will, which had been admitted to probate. The provision of the decree stating that it was contested, and of the will and codicil, that the legacy, in case of such contest, should be deemed revoked, were referred to. It then recited that she was desirous that all the provisions of her husband's will respecting his daughter should be observed, providing his reputation and capacity be not further questioned. It then stipulated that the executors (of whom she was one) shall not claim in any way that the right of the daughter to the provisions of the will for her benefit had been forfeited; that no effect should be given to the clause revoking the legacy, in case of a contest by the legatee, but that the legacy should be deemed legal and valid, and the trust in favor of the daughter executed. The consideration for this agreement on the part of the widow was stated to be the omission of the daughter to appeal from the decree of the surrogate, and it was in terms conditioned that no such appeal should be taken and that no action or proceeding of any nature should be brought by or in behalf of the daughter, or by any person claiming through or under her, to set aside the probate, or question the validity of the will, or the testamentary capacity of her husband, and in case such appeal, action or proceeding should be brought or instituted, then the stipulation and agreement should be void and of no effect. The special guardian, however, appealed from the decree of the surrogate to the General Term, where the decree was affirmed.

Two of the executors then brought this action to procure the judgment of the court as to the disposition of the one hundred thousand dollars which the daughter was to take by the provisions of the will. The widow, declining to become a party plaintiff, was made a defendant both individually and as executrix and trustee under the will. The daughter is the

only other defendant and no other question is raised by the pleadings. The complaint, after alleging the making of the will, its provisions, death of the testator and the proceedings before the surrogate, stated that the daughter still claimed the legacy, but that the plaintiffs were advised that, by reason of the clause above quoted and the contest, the provisions of the clause revoking the gift upon certain contingencies became operative and that the widow was entitled to the same. The relief asked was that the court give construction to the clauses of the will, touching the legacy and the fund mentioned therein, and that it determine the conflicting claims thereto and define the rights and duties of the plaintiffs, concerning the same. The Special Term held that the contest before the surrogate, by and in the name of the special guardian, was not a contest by the daughter in person or by another within the meaning of the clause in the codicil expressing the conditions upon which the legacy should vest and that she was entitled to the bequest. The General Term affirmed the judgment, but upon the ground that the daughter, being an infant and having merely submitted her rights to the court the revoking clause was, as to her, an attempt to subvert the course of judicial proceedings and to deprive the court of the right and duty imposed upon it by law in all cases to institute, of its own motion, proper proceedings for the protection of infants, and that as to the daughter the condition was void as against public policy. It held that the contest must be deemed to have been made by the daughter, although the actual steps were taken by the guardian. (*Bryant* v. *Thompson*, 59 Hun, 545.)

The widow allowed the judgment to pass without any answer or other opposition and the only parties who have appealed to this court are the two executors who brought the action. The argument of the case was accompanied by a motion in this court to dismiss the appeal. The question is, therefore, raised whether the plaintiffs have such a standing in the case as enables them to bring the appeal. The plaintiffs clearly had the right to bring this action in order to procure a judicial determination of the question as to which of two

claimants was entitled to the fund, and also to obtain the
instructions of the court in regard to their duties under the
will.   They have obtained these instructions and this determi-
nation from the highest court of the state possessing original
and general jurisdiction.   There were two parties who had a
pecuniary interest in the decision of the question involved in
the case, the daughter, who is satisfied with the result, as it is
in her favor, and the widow who does not appeal.   The judg-
ment rendered in the court to which the plaintiffs resorted in
the first instance is a perfect protection to them in the disposi-
tion of the fund, in accordance therewith, and in the perform-
ance of every duty growing out of the legacy to the daughter
under the provisions of the will.   This being true, what inter-
est have the plaintiffs in the further prosecution of the action.
They had an interest and it was their duty to procure a judi-
cial determination of the questions presented by the facts
alleged, but no interest or duty in obtaining a decision accord-
ing to some view of the law that they may have themselves
entertained or have been advised by counsel.   Appeals are not
allowed to this court for the purpose of settling abstract ques-
tions, however interesting or important they may be to the
general public or to the legal profession, but to correct errors
injuriously affecting the rights of some party to the litigation.
The plaintiffs are not concerned in the slightest degree in any
legal sense with the question whether the provision for the
daughter be held for her or deemed revoked under the other
clause and secured to the widow.   The widow is not here com-
plaining of the result in the courts below.   Had she waived
in writing or in any other way binding upon her the condi-
tions of her stipulation touching the contest before the surro-
gate after the General Term had passed upon the question, it
would amount to a settlement of the controversy between the
only parties having a pecuniary interest in it which would pre-
vent an appeal.   Looking at the substance of things and keep-
ing in mind the relations which these two beneficiaries now
hold to the case, we cannot see that the present appeal stands,
on grounds any different from what it would then.

The widow, after the appeal to the General Term from the decree of the surrogate, could have waived the conditions contained in her stipulation in regard to the effect of an appeal, as she had before renounced the benefits of the clause revoking the legacy in case of a contest. She did not, it is true, waive these conditions expressly, but she failed, when made a party to this action, to insist upon them, and it is not perceived that the plaintiffs have any interest tn insisting, through an appeal to this court, upon a point which the real and only beneficiary has refused to raise for herself. The widow, as already observed, conditionally renounced the benefits of the revoking clause by her deed, and no one, we think, should be permitted to urge that this deed has become inoperative by reason of a breach of its conditions except herself, and that position she is not, it seems, inclined to take. The plaintiffs are not seeking any benefit for themselves in the action; they have simply asked the judgment and advice of the court in regard to the disposition of property belonging to others, which is in their care and keeping. The court has given the judgment and advice prayed for and the real beneficiaries do not complain. Whether the plaintiffs are entitled to be heard further in this court does not depend upon any inherent right which the plaintiffs, as suitors have, but upon express statutory permission. (*State* v. *County of Kings*, 125 N. Y. 312.)

The right of a party to have all disputes in which he has any interest determined according to judicial forms, in a court possessing original jurisdiction, is absolute, if, indeed, there are any such rights, in a strict sense. But when he seeks to have the judgment reviewed in this court he must be able to point to some statute giving him the right and conferring the jurisdiction. The only statute relied upon as securing to the plaintiffs in this case the right to appeal is section 1294 of the Code of Civil Procedure, and under that section the right is limited to a party *aggrieved*. In this case the executors and trustees under a will, having asked the court for directions in regard to their duty, and for a judgment as to which of two parties is entitled to a certain bequest, which directions and

judgment are given and acquiesced in by both of the alleged claimants of the fund, the plaintiffs are not aggrieved within the meaning of the statute by the judgment rendered. The question decided in the court below and presented by the record is, undoubtedly, one of great interest and importance, and for that reason should not be passed upon by this court until brought here by some party having an actual and practical, as distinguished from a mere theoretical interest in the controversy.

Cases can be and are cited by the learned counsel for the appellant, in which this court has entertained appeals by executors and trustees under wills from judgments of this character. But, it is believed that they are cases, either in which the point was not raised at all or, if raised, the appeal was not only by the trustees, as in this case, but by the beneficiaries also, so that a motion to dismiss, as now before us in this case, if granted, would not dispose of the case, but would still leave the same questions to be determined upon the appeal of the other parties. If, in this case, the widow had contested the right of the daughter to receive the legacy, and claimed it for herself under the clause providing for revocation, and had appealed to this court to maintain that position, and the appeal was before us, we would not then regard this motion as of much practical importance. This was the situation when the court was asked to dismiss the appeal in most, if not all the cases of a similar character to which our attention has been directed. An appeal to this court does not lie unless the party appealing has an interest in the controversy. (*People ex rel. Breslin* v. *Lawrence*, 107 N. Y. 607; *Hyatt* v. *Dusenbury*, 106 id. 663.)

The case of *People ex rel. Burnham* v. *Jones et al.* (110 N. Y. 509), is not contrary to these views. In that case the commissioners of the land office, representing the state, made a grant of land under water to an individual. Subsequently, the determination of the commissioners in making the grant, was reversed by the Supreme Court on certiorari, and the commissioners appealed to this court, where a motion to dismiss

was denied. The order appealed from in that case, in effect, nullified the grant made by the state and the commissioners, as public officers representing the state, were in duty bound to defend the grant against the effect of an erroneous decision, and so were aggrieved.

We think that the plaintiffs have no interest in the question presented by the record in this case, and that the appeal should be dismissed, with costs to both parties, payable out of the estate.

EARL, FINCH and PECKHAM, JJ., concur.

RUGER, Ch. J., ANDREWS and GRAY, JJ., dissent.

Appeal dismissed.