# CHARLESTON.

RATLIFF, *et ux. v.* PATTON, *et al.*

37 197
52 250

Submitted June 18, 1892.—Decided December 10, 1892.

APPEAL—DISMISSION.

> Where an appeal appears to have been applied for and obtained from a decree by a trustee for real estate of his *cestui que trust*, and after said appeal has been perfected said *cestui que trust* appears in this Court and dismisses the appeal, so far as she is concerned, and the trustee does not appear to have any personal or private interest in the matter in controversy, it should be dismissed as to such trustee also under circumstances such as appear in this case.

*J. H. Ferguson* and *Brown, Jackson & Knight,* for appellants cited 24 W. Va. 708; 10 W. Va. 59; 4 Rand. 451; 3

Munf. 29; Bar. Ch'y Pr. § 34; Sto. Eq. Pl. § 76; 24 W. Va. 32; Code (1891) c. 125, s. 44; Id. s. 30.

*J. S. Swann*, for appellees cited Hill. Tr. 317; Sto. Eq. Pl. §§ 1268–1275; 2 P. Wms. 678; Sto. Eq. Pl. § 1353; 10 Am. & Eng. Ency. L. 692; Fos. Fed. Pr. 288; 8 Pet. 128; Dan. Ch'y Pl. 216, 222; Fos. Fed. Pr. § 358; 1 P. Wms. 736; 2 Munf. 129; 5 Call. 499; 93 U. S. Rep. 150–154; 26 W. Va. 1; Sto. Eq. Jur. §§ 1287–1289; 1 P. Wms. 704, 705; 6 Otto 404; 111 U. S. Rep. 327-334; 1 H. & M. 405; 20 Gratt. 484 (Syll.); 28 Am. Dec. 354; 39 Am. Dec. 716, 717; 1 H. & M. 110; Id. 403; 5 Cow. 719; 7 Paige 221, 222; 106 U. S. Rep. 265; 21 W. Va. 691; 6 Paige 513; 25 W. Va. 609; 60 Am. Dec. 399; 1 Gratt. 310; 1 H. & M. 403.

ENGLISH, JUDGE:

This was a suit in equity brought in the Circuit Court of Kanawha county, and the bill filed at September rules, 1887, by Amanda L. Ratliff and J. Sanford Ratliff, her husband, against Oliver A. Patton in his own right and as trustee of R. Ellen Patton, R. Ellen Patton, John C. Brown called next next friend of R. Ellen Patton, William Patton, Alice T. Patton, and John P. Patton, the last three infant children of the said Oliver A. Patton and R. Ellen Patton, defendants.

It appears from the allegations of the bill that the defendant R. Ellen Patton was a daughter of one William Tompkins, a resident of Kanawha county, who died testate leaving real estate valued at two hundred thousand dollars, as well as valuable personal property; that shortly before the marriage of said R. Ellen Patton with the defendant Oliver A. Patton a friendly partition of the real estate of which said William Tompkins died seised and possessed was determined upon, and after consultation it was deemed advisable that the portion that should be allotted to said R. Ellen should be conveyed to a trustee, and in pursuance of that determination it was conveyed to Nicholas Fitzhugh in trust—that is to say, that he, the said trustee, would suffer and permit the said R. Ellen Tompkins to take, ac-

cept and receive the rents, issues and profits to and for her own use during her natural life, and in the event of marriage of the said R. Ellen Tompkins that the said trustee should hold and retain said trust during the continuance of said marriage, and, if she should die leaving issue, said trust should continue for the benefit of such child or children until the said child or children should arrive at the age of twenty one years, and the said property should then pass to them discharged of said trust; and that, if said R. Ellen Tompkins should deem it advisable to sell said property, she should apply to some court of record in the county of Kanawha, where a greater part of the property lies, for authority to sell the same or any part thereof, and, if such authority be given, the said trustee was authorized to sell the same in such manner and upon such terms as the court might prescribe, and that he should invest the proceeds of sale in such other property or funds as the court should direct, and should hold the same subject to all the terms and provisions of said trust; that on the 7th day of October, 1867, said Fitzhugh resigned as such trustee, and the defendant Oliver A. Patton was appointed trustee, and substituted to all the rights, powers, and responsibilities conferred upon said trustee by said deed; that in October, 1867, an order was entered in a case styled "R. Ellen Patton, by Her Next Friend, J. C. Brown *v.* O. A. Patton, Defendant," on petition in chancery, by which order it was decreed that said Oliver A. Patton, trustee, might sell and dispose of any portion or the whole of said real estate, at his discretion and with the consent of the said R. Ellen Patton in writing thereto, on such terms, conditions and prices as he might decide with like consent of his wife, and that he might collect the proceeds and invest them in this or any other State, but upon the same trusts and conditions as required by deed of April, 1867, and requiring of him a bond in the penalty of twenty thousand dollars with good security, to be approved by the clerk of the court; that neither J. C. Brown nor R. Ellen Patton had anything to do with said proceeding.

Several other orders were set forth in said bill, which are alleged to have been obtained by fraudulent representations

made to the court, and the bill prayed that said O. A. Patton might be removed as trustee, and another trustee appointed in his room and stead to carry out the provisions of the trust embodied in the deed of April 20, 1867 ; that he be required to execute bond with good security, and that the orders, decrees, and proceedings therein set forth be set aside and held for nought, *etc.*

Various proceedings were had in the cause, and several depositions taken therein, and on the 17th day of June, 1890, a final decree was rendered setting aside the decrees complained of in the original bill, removing said Oliver A. Patton as such trustee, and appointing John S. Ratliff as such trustee in his room and stead ; and from this decree an appeal was applied for and obtained by R. Ellen Patton and Oliver A. Patton, trustee, *etc.* After said appeal was perfected, to wit, on the 14th day of January, 1892, said R. Ellen patton appeared before this Court by her counsel, and on her motion said appeal was dismissed, in so far as she, as one of the appellants, was concerned.

This dismissal, in my opinion, had the effect of terminating the matters in litigation on said appeal. The entire controversy appears to have been in regard to the management of the estate left her by her father. After O. A. Patton was appointed trustee in the room and stead of Fitzhugh, he was merely acting as trustee in a representative capacity, clothed with the same powers that were by the deed of April 20, 1867, conferred upon Fitzhugh ; and in taking this appeal as trustee it is presumed he was doing so for the purpose of protecting her interests and for her benefit, and nothing is apparent on the face of the proceedings which indicates that said O. A. Patton suffered any personal or private injury of which he could complain ; and the party who was the entire beneficiary, and was entitled to the results of the appeal, if effectual, having dismissed the same on her own motion, we can see no cause for retaining the cause upon the docket, and it is therefore dismissed.

DISMISSED.