ALBERTS *v.* STEINER.

1. APPEAL AND ERROR—PARTIES NOT AFFECTED BY DECREE MAY NOT COMPLAIN.

Unless the legal rights of the trustee or remainderman are affected, they are not concerned with a decree against the beneficiary requiring payment of the income from the trust property to others.

2. QUIETING TITLE — INVALID MORTGAGES GIVEN BY BENEFICIARY UPON TRUST PROPERTY REMOVABLE AS CLOUD ON TITLE.

The trustee and remainderman are entitled to have invalid mortgages given by the beneficiary upon the trust property removed as a cloud upon their title.

3. APPEAL AND ERROR—DECREE AGAINST BENEFICIARY GIVING TO OTHERS GROSS INCOME MAY BE MODIFIED TO GIVE THEM NET INCOME.

Where the beneficiary was entitled, under the trust, to only the net income from the trust property, the trustee and remainderman are entitled to have a decree against the beneficiary giving to others the gross income modified to give them only the net income.

4. TRUSTS — NEITHER TRUSTEE OR REMAINDERMAN LIABLE FOR TAXES, ETC.

Neither the trustee or remainderman are legally liable for taxes, insurance, ordinary repairs, or the expenses of administering the trust, but they should be paid from the gross income.

Appeal from Muskegon; Vanderwerp (John), J. Submitted October 12, 1926. (Docket No. 37.) Decided December 8, 1926.

Bill by Roy E. Alberts and another against Jennie L. Steiner, Edward B. Bradley, the Muskegon Trust Company, trustee and administrator with the will an-

---

[1]Appeal and Error, 3 C. J. §§ 480, 524; [2]Estates 21 C. J. § 172; Quieting Title, 32 Cyc. pp. 1320, 1329; [3]Appeal and Error, 3 C. J. §§ 481, 524; [4]Trusts, 39 Cyc. pp. 331, 336, 338.

nexed of the estate of James M. Bradley, deceased, to foreclose certain mortgages.    Defendants Bradley and the Muskegon Trust Company filed cross-bills to remove a cloud upon the title to land.    From a decree for plaintiffs, defendants Bradley and the Muskegon Trust Company appeal.    Modified and affirmed.

*Cross, Foote & Sessions,* for plaintiffs.

*Bunker & Rogoski* (*Oscar E. Waer,* of counsel), for appellants.

FELLOWS, J.    James M. Bradley died at Muskegon July 26, 1919, leaving a daughter, defendant Jennie L. Steiner, his sole heir at law.    She filed a petition in probate court reciting that deceased left no will and praying that she be appointed administratrix of his estate.    The probate proceedings followed the usual course, the estate was administered and a final order assigning the property to Mrs. Steiner was made. Among the property left by Mr. Bradley was lot 5 of block 176 of the revised plat of the city of Muskegon. On this property was a dilapidated building which had been condemned by the city.    In April, 1920, plaintiffs loaned to Mrs. Steiner $2,000 to be used in repairing this building and took as security two mortgages, one for $1,500 and one for $500 on the property. The repairs, costing over $3,000, were made, and the present building has since been rented for $100 a month.    January 24, 1920, a petition was filed in probate court by defendant Edward B. Bradley for the probate of a lost will.    Notice *lis pendens* of this proceeding was filed before the mortgage above referred to was given.    It will not be necessary to detail this litigation involving the will further than to say that it reached this court on two occasions (*In re Bradley's Estate,* 215 Mich. 72, 223 Mich. 312), and the will which is set out in the opinion when the

case was first here was admitted to probate.   Mr. Balbirnie, who was named as executor and trustee, died and defendant trust company was appointed administrator with will annexed and trustee.

Plaintiffs seek by this proceeding to subject the money in the hands of the trustee, and coming to its hands in the future, which under the terms of the will goes to Mrs. Steiner, to the payment of this indebtedness.   Mrs. Steiner filed an answer but did not appear at the hearing.   The trust company in both capacities and the remainderman (Edward B. Bradley) answer traversing plaintiffs' bill and by way of crossbill seek the removal of the mortgages as clouds upon their title.   From a decree directing the payment of the gross income of the estate to plaintiffs until their indebtedness is discharged and refusing to remove the cloud on the title to the real estate, the trust company and remainderman appeal.   Mrs. Steiner does not appeal.

We are met at the threshold with the question as to how far our inquiry may extend on this appeal. Mrs. Steiner did not contest in the court below and has not appealed from the decree.   Doubtless she feels that inasmuch as plaintiffs' money was used to make the property productive and increase her income to the extent of several thousand dollars, she owes at least a moral duty to repay it.   We are not dealing with the estate of a minor or an incompetent person.   The parties are *sui juris.*   The contest in part is between rival claimants to funds in the hands and to come into the hands of the trustee.   The trustee has no pecuniary interest in the question of which one of these claimants is entitled to receive such funds, nor has the remainderman.   They are not concerned with the decree against Mrs. Steiner unless their legal rights are affected.   This is settled by *Allen* v. *Merrill,* 223 Mich. 467, where it was said:

237—Mich.—10.

"Plaintiffs, as executors and trustees, are not concerned with the validity of the judgment rendered against Dee Allen. They are not his guardians and can do no more than ask that the trust estate be freed from the attachment and the execution. Dee Allen, on his own application, had leave granted him to appear and defend in the case against him, and the executors must leave that feature of the matter to him to care for."

Upon the right of a trustee to appeal, see *Ratliff* v. *Patton*, 37 W. Va. 197 (16 S. E. 464); *Frey* v. *Savings Institution*, 58 Md. 151; *Bryant* v. *Thompson*, 128 N. Y. 426 (28 N. E. 522, 13 L. R. A. 745); *Goldtree* v. *Thompson*, 83 Cal. 420 (23 Pac. 383); *Salmon* v. *Pierson*, 8 Md. 297; 3 C. J. p. 656; *Press* v. *Woodley*, 160 Ill. 433 (43 N. E. 718). In the last cited case it was held (quoting from the syllabus):

"A trustee in a deed of trust to secure a loan cannot appeal from a decree as to findings prejudicial to the owner of the note secured by the deed of trust, where the latter has been made a party to the suit and the trustee does not stand in his place upon the record."

This is in consonance with the weight of authority and with sound reason. The trust funds should not be used to pay the expenses of litigation with which the trust estate is not concerned. *In re Keene's Estate*, 202 Mich. 646.

While the appellants may not be here heard upon the questions arising between plaintiffs and Mrs. Steiner and settled by the decree, they may be heard if the trustee is by the decree required to pay plaintiffs more money than Mrs. Steiner was entitled to receive. They are also entitled to have the cloud removed from their title if it is invalid. The bill does not seek the foreclosure of the mortgages and it is conceded they can not be foreclosed as a lien upon the land. Indeed, all that is claimed for them is that they were used as instrumentalities to defraud plain-

tiffs and operate as an equitable assignment from Mrs. Steiner. They are a cloud on the trust property and should be removed upon the authority of *Allen* v. *Merrill, supra.* The decree gives to plaintiffs the gross income of the trust property. Mrs. Steiner is entitled only to the net. The taxes, shown to be about $1,400 annually, insurance, ordinary repairs and the expenses of administering the trust must be paid. The remainderman is not legally liable to pay them nor is the trustee from its own funds. They should be paid from the gross income, leaving the net for the satisfaction of plaintiffs' claim.

The decree should be modified in these two particulars. These modifications are substantial and entitle appellants to costs of this court.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.