13594

BYRD v. SHELL *ET AL.*

(168 S. E., 692)

April, 1931.

228

*Messrs. Richey & Richey,* for appellant,

*Mr. O. L. Long,* for respondent,

*Mr. R. E. Babb,* for other respondents.

March 6, 1933.

The opinion of the Court was delivered by Mr. Justice Bonham.

Action was brought in the Court of Common Pleas for Laurens County for the purpose of having construed the wills, and codicils thereto, of Charles Irby and Sarah Irby, and for judgment for settlement of their estates. It was referred to H. S. Blackwell, Esq., to hear and determine the issues of law and of fact. Upon the coming in of his report, the matter was heard by Hon. C. C. Featherstone, Circuit Judge, upon exceptions thereto. In due time Judge Feather-

stone filed his decree confirming the report of the referee. The appeal from that decree is by the executor alone; none of the devisees under the respective wills, nor any other party in interest, has appealed.

The executor appeals for the reason, as stated by his counsel, that, if the Circuit decree had ordered certain land to be sold, instead of decreeing it divided in kind, appellant would have collected commissions on the land so sold.

Along with the hearing on the merits of the appeal. this Court heard a motion, of which due notice had been given, to dismiss the appeal on the ground that appellant had no interest in the suit which entitled him to appeal.

Section 773, Vol. 1, Code 1932, declares that any party aggrieved may appeal. The appellant here is not aggrieved by the judgment of the Circuit Court, which deals with and declares the rights and interests of the parties to the action. He is only a party in a representative capacity. If the land were sold which he contends should have been sold, it would not have benefited him. The sale would have been made by the master, and the proceeds distributed by him, and the commissions on the sale would have gone to him.

There seems to be no direct authority in this jurisdiction on this exact point, but respondent's counsel has in his excellent brief cited a number of apt authorities from the decisions of Courts of other jurisdictions. We quote one or two of them:

"The right to appeal as a party 'aggrieved' does not extend to executors who have obtained a judgment construing a will as to which of two parties is entitled to a certain bequest where the alleged claimants acquiesce in the decision." *Warren Bryant et al., Executors, v. Thompson,* 128 N. Y., 426, 28 N. E., 522, 13 L. R. A., 745.

"The Executor cannot appeal as such from a decree of settlement and distribution although he is a legatee." *In re. Marrey's Estate,* 65 Cal., 287, 3 P., 896.

The appeal must be dismissed.

The Court is satisfied with the decree of the Circuit Judge. Let it be reported.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.